CONTENT C. RICHARDS *vs.* THOMAS J. NIGHTINGALE.

If an administrator has, within a year after his appointment, paid a claim against the estate of his intestate, in the honest belief that the estate was solvent, and the estate has been subsequently declared insolvent, and after due proceedings a dividend has been ordered to be paid from all the assets then available, the administrator may at once commence an action to recover back the excess so paid, above the amount of the dividend, although there are some further assets which may at some time in the future be realized; and the statute of limitations will begin to run against the claim of the administrator from the date when the dividend was ordered.

CONTRACT brought by the administratrix of the estate of Lysander Richards, deceased, to recover back the excess paid by her to a creditor of said estate over and above the amount of the dividends which were subsequently ordered to be paid to all the creditors thereof. Writ dated November 21st 1862.

The following facts were agreed, in the superior court : The plaintiff was duly appointed administratrix on the 3d of April 1852, and gave due notice of her appointment. The inventory showed real estate to the amount of $17,203, and personal estate to the amount of $29,328.33. In January 1853, believing the estate to be solvent, she paid to the defendant a promissory note which he held against it, amounting with interest to $1405.59. In June 1854 her first account was presented and allowed, in which she asked to be allowed for certain doubtful items in the inventory of personal property, amounting to $25,010.67. At the same time she filed a list of the claims against the estate, and the estate was thereupon, on her representation, adjudged insolvent, and commissioners were appointed to receive and allow the proof of claims. Their return was duly made, and afterwards, on the 11th of November 1854, the judge of probate ordered a dividend to be paid to the creditors of fifty-six and

one half per cent.; and on the 2d of November 1862, after the settlement of the plaintiff's final account, a further dividend was ordered of four and a fraction per cent. Both of these dividends were duly paid. The plaintiff presented to the commissioners the note of the defendant against the estate, and retained the amount of the dividends thereon, which left a balance of $591.32, as the excess paid out by her to the defendant. The condition of the estate was such that it could not have been settled sooner.

Upon these facts, judgment was ordered in favor of the plaintiff; and the defendant appealed to this court.

*W. Colburn,* for the defendant, cited *Walker* v. *Bradley,* 3 Pick. 261; *Baker* v. *Atlas Bank,* 9 Met. 182; *Commonwealth* v. *Cochituate Bank,* 3 Allen, 42.

*A. Churchill,* for the plaintiff, in addition to the above cases, cited *Heard* v. *Drake,* 4 Gray, 514, and cases there cited.

DEWEY, J. The defence arising under the statute of limitations must prevail in the present case. Upon the representation of the apparent insolvency of the estate by the administratrix, the appointment of commissioners, their proper return of the list of claims allowed by them being duly accepted by the judge of probate, the rendition of the administratrix's account, and a decree by the judge of probate ordering the dividend to be paid to the creditors, the actual insolvency of the estate was legally established. Thereupon the right of the plaintiff to recover of the defendant the difference between the sum paid by her to him, and that which he was entitled to receive as his proper dividend, became perfect, and might have been legally enforced. This was as early as November 11th 1854; but the present action was not instituted until November 21st 1862. It is no sufficient answer to say that there were certain outstanding, unavailable and doubtful claims due to the estate, which might, if they should thereafter be received, slightly increase the sum to be paid to the creditors. The decree of actual insolvency and the dividend declared upon the amount of all present available assets, were a sufficient ground for the administratrix to reclaim any excess in the hands of the defendant, leaving him to

participate in common with other creditors in any future divi‑ dend, if such should ever be made.

The result must be that

*Judgment be entered for the defendant.*